FILED

2013 APR 15 PM 3:16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>VICTOR ENTERPRISES, INC., a California corporation doing business as Victor Welding Supply,<br>WILLIAM VICTOR,<br>EDWARD VALENCIA, and<br>FEDERICO VALENCIA,<br><br>　　　　　Defendants. | CR No. 13-CR 13 00248<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 371: Conspiracy; 21 U.S.C. §§ 331(k), 333(a)(1), 352(f), 353(b)(1), 353(b)(4): Misbranding of a Drug While Held for Sale After Shipment in Interstate Commerce; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done]<br><br>Class A Misdemeanors |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

A.　DEFENDANTS

　　1.　Defendant WILLIAM VICTOR was the owner and operator of defendant VICTOR ENTERPRISES, INC., a California corporation doing business as Victor Welding Supply, located at 1180 East 58th Street, Los Angeles, California. A significant portion of defendant VICTOR ENTERPRISES, INC.'s profits were derived from the sales of nitrous oxide.

2. Defendants EDWARD VALENCIA and FEDERICO VALENCIA were employees of defendant VICTOR ENTERPRISES, INC., doing business as Victor Welding Supply, operating within the scope of their employment and motivated by an intent to benefit the corporation.

B.  THE REGULATORY BACKGROUND

3. The Food and Drug Administration ("FDA") was the agency of the United States responsible for enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. § 301, et seq. Among the purposes of the FD&C Act was to ensure that drugs sold for administration to humans, or for other use by or on humans, provided reasonable assurances of safety and effectiveness, and bore labeling containing only true and accurate information.

4. Under the FD&C Act, at 21 U.S.C. § 321(g)(1)(B)-(C), a drug included articles that (a) were intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man, and (b) were intended to affect the structure or function of the body of a man.

5. Under the FD&C Act, at 21 U.S.C. § 353(b)(1)(A)-(B), certain drugs were defined as prescription drugs because their toxicity or other potentiality for harmful effects rendered them unsafe for use, except under the supervision of a practitioner licensed by law to administer such drugs. Nitrous oxide was a prescription drug.

6. Under the FD&C Act, at 21 U.S.C. § 353(b)(1), dispensing a prescription drug without a valid prescription was

an act that resulted in the drug being misbranded while held for sale.

7. Under the FD&C Act, at 21 U.S.C. § 353(b)(4)(A), dispensing a prescription drug without a label bearing the symbol "Rx only" was an act that resulted in the drug being misbranded while held for sale.

8. Under the FD&C Act, at 21 U.S.C. § 352(f), dispensing a drug without a label bearing adequate directions for use and adequate warnings against unsafe dosage, in such a manner and form as was necessary for the protection of users, was an act that resulted in the drug being misbranded while held for sale, unless the Secretary of Health and Human Services had promulgated regulations exempting the drug from this requirement.

9. Under the FD&C Act, at 21 U.S.C. § 331(k), it was unlawful to do any act to a drug, while the drug was held for sale, after the drug's shipment in interstate commerce, which resulted in the drug being misbranded. Under the Act, at 21 U.S.C. § 321(b), "interstate commerce" was defined as the commerce between any State in the United States and any place outside thereof.

10. Pursuant to 21 U.S.C. § 379a, the connection with "interstate commerce" required for jurisdiction was presumed to exist in any action to enforce the requirements of the FD&C Act.

11. Nitrous oxide could be used legally as an inhalant gas for anesthetic or analgesic therapy, but could also be abused as a drug from which people got high. Because of its toxicity and other potentiality for harmful effects, nitrous oxide could only

be dispensed by prescription.  The use of nitrous oxide was associated with symptoms such as slurred speech, difficulty in maintaining balance or walking, slow responsiveness, immunity to stimuli such as pain and loud noises, lapses into unconsciousness, and death by asphyxiation.

    These introductory allegations are hereby re-alleged and incorporated by reference into each count of this Information.

## COUNT ONE

[18 U.S.C. § 371]

A. OBJECT OF THE CONSPIRACY

12. Beginning on a date unknown and continuing through on or about March 22, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants VICTOR ENTERPRISES, INC., doing business as Victor Welding Supply, WILLIAM VICTOR, EDWARD VALENCIA, and FEDERICO VALENCIA, together with others known and unknown to the United States Attorney, knowingly combined, conspired, and agreed to dispense a prescription drug, namely nitrous oxide, without a prescription and without a label bearing adequate directions for use, adequate warnings against unsafe dosage, or the symbol "Rx only," in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 352(f), 353(b)(1), and 353(b)(4).

B. MANNER AND MEANS OF THE CONSPIRACY

13. The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

   a. Defendant WILLIAM VICTOR, on behalf of defendant VICTOR ENTERPRISES, INC., would purchase nitrous oxide from a supplier in Long Beach, California.

   b. Defendants WILLIAM VICTOR, EDWARD VALENCIA and FEDERICO VALENCIA would sell the nitrous oxide as a recreational drug, without a prescription and without the labeling required by the FD&C Act, to individuals and other businesses.

C. OVERT ACTS

14. In furtherance of the conspiracy and to accomplish its object, defendants VICTOR ENTERPRISES, INC., doing business as

Victor Welding Supply, WILLIAM VICTOR, EDWARD VALENCIA, and FEDERICO VALENCIA, together with others known and unknown to the United States Attorney, committed the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1: From January 3, 2007 to April 19, 2009, defendant VICTOR ENTERPRISES, INC. purchased approximately 959,240 pounds of nitrous oxide.

Overt Act No. 2: On or about January 15, 2009, defendant VICTOR ENTERPRISES, INC. sold approximately 1,320 pounds of nitrous oxide as a recreational drug, without a prescription and without the labeling required by the FD&C Act, to Pacific Performance Racing in San Pedro, California.

Overt Act No. 3: On or about January 21, 2009, defendant VICTOR ENTERPRISES, INC. sold approximately 2,100 pounds of nitrous oxide as a recreational drug, without a prescription and without the labeling required by the FD&C Act, to a business known with the initials, "4.W.S.U." (hereinafter "4 W.S.U.") in North Hills, California.

Overt Act No. 4: On or about January 29, 2009, defendant VICTOR ENTERPRISES, INC. sold approximately 2,820 pounds of nitrous oxide as a recreational drug, without a prescription and without the labeling required by the FD&C Act, to 4 W.S.U. in North Hills, California.

Overt Act No. 5: On or about February 11, 2009, defendant VICTOR ENTERPRISES, INC. sold approximately 1,320 pounds of nitrous oxide as a recreational drug, without a

prescription and without the labeling required by the FD&C Act, to Pacific Performance Racing in San Pedro, California.

Overt Act No. 6: On or about February 27, 2009, defendant VICTOR ENTERPRISES, INC. sold approximately 1,800 pounds of nitrous oxide as a recreational drug, without a prescription and without the labeling required by the FD&C Act, to 4 W.S.U. in North Hills, California.

Overt Act No. 7: On or about April 1, 2009, defendant VICTOR ENTERPRISES, INC. sold approximately 1,500 pounds of nitrous oxide as a recreational drug, without a prescription and without the labeling required by the FD&C Act, to Pacific Performance Racing in San Pedro, California.

Overt Act No. 8: On or about November 23, 2012, defendant VICTOR ENTERPRISES, INC., doing business as Victor Welding Supply, sold nitrous oxide as a recreational drug, without a prescription and without a label bearing adequate directions for use, adequate warnings against unsafe dosage, or the symbol "Rx only."

Overt Act No. 9: On or about February 14, 2013, defendant VICTOR ENTERPRISES, INC., doing business as Victor Welding Supply, sold nitrous oxide as a recreational drug, without a prescription and without a label bearing adequate directions for use, adequate warnings against unsafe dosage, or the symbol "Rx only."

Overt Act No. 10: On or about March 8, 2013, defendant VICTOR ENTERPRISES, INC., doing business as Victor Welding Supply, sold nitrous oxide as a recreational drug, without a

///

prescription and without a label bearing adequate directions for use, adequate warnings against unsafe dosage, or the symbol "Rx only."

COUNTS TWO THROUGH TEN

[21 U.S.C. §§ 331(k), 333(a)(1), 352(f), 353(b)(1), 353(b)(4);

18 U.S.C. § 2]

15.  On or about each of the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants VICTOR ENTERPRISES, INC., doing business as Victor Welding Supply, WILLIAM VICTOR, EDWARD VALENCIA, and FEDERICO VALENCIA did hold the prescription drug nitrous oxide for sale after shipment in interstate commerce, and did dispense said drug without a prescription and without a label bearing adequate directions for use, adequate warnings against unsafe dosage, or the symbol "Rx only," thereby causing the drug to be misbranded while held for sale after shipment in interstate commerce:

//
//
//

| COUNT | DATE |
|---|---|
| TWO | January 15, 2009 |
| THREE | January 21, 2009 |
| FOUR | January 29, 2009 |
| FIVE | February 11, 2009 |
| SIX | February 27, 2009 |
| SEVEN | April 1, 2009 |
| EIGHT | November 23, 2012 |
| NINE | February 14, 2013 |
| TEN | March 8, 2013 |

ANDRÉ BIROTTE JR.
United States Attorney

*/s/ Dorothy C. Kim*
Dorothy C. Kim
Dep. Chief, Crim. Div. For:
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes
Section

DIANA M. KWOK
Assistant United States Attorney